c

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RUSSELL COLEMAN, Plaintiff | CIVIL ACTION NO. 1:20-CV-00804 |
| VERSUS | JUDGE DRELL |
| LOWE'S HOME CENTERS, L.L.C., *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand (ECF No. 8) filed by Plaintiff Russell Coleman ("Coleman"). Coleman seeks remand based on lack of complete diversity among the parties. ECF No. 8 at 1. Lowe's Home Centers, L.L.C, (improperly named as Lowe's Home Centers, Inc.) ("Lowes") and National Union Fire Insurance Company of Pittsburgh, PA ("National") (collectively, "Defendants") oppose.[1] ECF No. 11.

Because complete diversity among the parties is lacking, Coleman's Motion to Remand (ECF No. 8) should be GRANTED for lack of subject matter jurisdiction.

I. **Background**

Coleman filed a Petition for Damages (ECF No. 1-1) in the Ninth Judicial District Court, Rapides Parish, naming as Defendants Lowe's Home Centers, Inc., National, Ryder, and Charles Jones ("Jones"). ECF No. 1-1 at 4. Coleman alleges

---

[1] The opposition was also filed on behalf of Ryder Truck Rental, Inc. ("Ryder"). ECF No. 11. However, Ryder has been ordered voluntarily dismissed without prejudice. ECF Nos. 26, 27.

damages from an automobile accident on June 28, 2019 on South Traffic Circle in Alexandria. *Id.*

Coleman was operating a 2011 Buick Enclave when Jones allegedly entered his lane of travel without warning, causing a collision. *Id.* Jones was acting in the course and scope of his employment with Lowe's. *Id.* Coleman asserts *respondent superior* liability against Lowe's. *Id.* He alleges both Lowe's and Ryder had a policy of automobile liability insurance with National affording coverage on behalf of Defendants for the alleged damages. *Id.* at 7-8.

Jones was driving a 2004 Freightliner 26000 with the consent and permission of his employer Lowe's. *Id.* at 6. Coleman alleges the accident was caused by the negligence and fault of Jones, including improper lane change; failure to yield; fleeing the scene of an accident; driving in an unsafe, reckless, and dangerous manner; failing to be attentive and/or observe surrounding traffic; and failure to see what should have been seen. *Id.* Coleman seeks damages for injuries to his low back, hip, and shoulder; physical pain and suffering (past and future); mental pain and suffering (past and future); loss of income and earning capacity (past and future); medical bills (past and future); loss of enjoyment of life (past and future); physical disability; property damage; and loss of use. *Id.* at 6.

Defendants removed, asserting there is complete diversity among the *served* parties and that the amount in controversy exceeds $75,000. ECF No. 1. Coleman now seeks remand. ECF No. 8. Coleman agrees that at the time of removal non-diverse defendant Jones had not been served with the Petition for Damages. ECF

No. 8 at 1. Coleman alleges Jones was served by a process server on July 2, 2020, and that complete diversity no longer exists. *Id.* Defendants oppose, arguing that post-removal service on Jones does not divest the Court of subject matter jurisdiction. ECF No. 11. Defendants attach Coleman's Petition for Damages (ECF No. 11-1) and Affidavit of Service (ECF No. 11-2).

## II. Law and Analysis

### A. Standards governing the Motion to Remand.

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. *See Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014). Subject matter jurisdiction must exist at the time of removal, based on the facts and allegations contained in the complaint. *See St. Paul Reinsurance Co. Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Jurisdictional facts are determined at the time of removal, not by subsequent events. *See La. v. Am. Nat'l Prop. & Cas. Co.*, 746 F.3d 633, 635 (5th Cir. 2014). Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

A federal court has "diversity jurisdiction" where the amount-in-controversy exceeds $75,000, exclusive of interest and costs, and where complete diversity exists between the parties. *See* 28 U.S.C. § 1332(a). The removing party bears the burden of establishing diversity jurisdiction by a preponderance of the evidence. *See Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *see also Menendez v. Wal-Mart Stores, Inc.*, 364 Fed.Appx. 62, 65 (5th Cir. 2010) (citing *New Orleans &*

*Gulf Coast Ry. Co. v. Barrois*, 533 F.3d 321, 327 (5th Cir. 2008)). "Any ambiguities are construed against removal and in favor of remand to state court." *Mumfrey*, 719 F.3d at 397 (citations omitted). Here, the parties do not dispute that the amount-in-controversy requirement is met. However, they dispute the existence of complete diversity among the parties at the time of removal.

"The basis for diversity jurisdiction must be '*distinctly* and *affirmatively* alleged.'" *Menendez*, 364 Fed.Appx. at 65 (citation omitted) (emphasis in original); *see also Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in original). The citizenship of an individual is his or her domicile, meaning the place where an individual resides and intends to remain. *See Acridge v. Evangelical Lutheran Good Samaritan Soc.*, 334 F.3d 444, 448 (5th Cir. 2003). A corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. *See Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, L.L.C.*, 757 F.3d 481, 483 (5th Cir. 2014). "[T]he citizenship of a partnership is determined by reference to the citizenship of each of its partners." *See Int'l Paper Co. v. Denkmann Associates*, 116 F.3d 134, 135, 137 (5th Cir. 1997). And the citizenship of a limited liability company ("L.L.C."), a limited partnership, or other unincorporated association or entity, is determined by the citizenship of all its members. *See Harvey*, 542 F.3d at 1079-80.

4

### B. Defendants fail to establish diversity jurisdiction by a preponderance of the evidence.

Defendants removed based on the complete diversity among Coleman and the *served* Defendants. ECF No. 1. Coleman seeks remand based on the destruction of diversity upon service of Jones. ECF No. 8-1 at 1. 12. Coleman admits that at the time the Order of Removal was signed, Jones – a citizen of Louisiana – had not been served with the Petition for Damages. ECF No. 8 at 1. A private process server perfected service on Jones on July 2, 2020. *Id.* However, Coleman argues that since Jones was served complete diversity no longer exists and the case should be remanded. *Id.*

Defendants respond that post-removal service of Jones does not divest the Court of subject matter jurisdiction. ECF No. 11 at 1. Defendants contend that Jones should not be considered in determining complete diversity among the parties because he was not served at the time of removal. *Id.* at 2.

Defendants filed their Notice of Removal on June 24, 2020, under diversity jurisdiction. ECF No. 1. Defendants allege complete diversity of citizenship among Coleman and the *served* Defendants. *Id.* at 2. Coleman is domiciled in Rapides Parish, Louisiana. *Id.* Thus, Coleman is a citizen of Louisiana. Defendants contend Lowe's is a limited liability company ("L.L.C") organized under the laws of the State of North Carolina with its principal place of business in North Carolina. *Id.* They aver Lowe's' sole member Lowe's Companies, Inc. is organized under the laws of the State of North Carolina with its principal place of business in North Carolina. *Id.* Thus, Lowe's is a citizen of the North Carolina.

Defendants also allege National is incorporated in the State of Pennsylvania with its principal place of business in the State of New York. *Id.* at 3. Thus, National is a citizen of Pennsylvania and New York. And Ryder is incorporated in the State of Florida with its principal place of business in the State of Florida. *Id.* Ryder is a citizen of Florida.

Defendants assert Jones, a domiciliary of Rapides Parish, Louisiana, had not been served as of the date of filing their Notice of Removal. *Id.* Defendants aver Jones's presence as a named Defendant does not bar removal. *Id.* (citing 28 U.S.C. § 1441). Thus, Defendants contend there is complete diversity among the served parties. *Id.*[2] The issue before the Court is whether there was complete diversity among the parties at the time of removal.

The parties' briefs focus on the post-removal service of non-diverse defendant Jones and the applicability of the forum defendant rule. *See* ECF Nos. 8, 11, 12. Coleman states that at the time of removal, Jones had not been served, and that removal was technically proper.[3] ECF No. 12 at 1. However, Coleman cites 28 U.S.C.

---

[2] Defendants also allege removal was timely as it was filed within thirty days after receipt of "other paper." *Id.* at 4. Defendants allege they learned the amount in controversy exceeded $75,000 on June 17, 2020 when they received Coleman's discovery responses and medical records on Jun 22, 2020. *Id.* Coleman complained of shoulder pain with a partial rotator cuff tear with surgical recommendation, and he was scheduled for surgery on June 21, 2020. *Id.* Defendants set forth caselaw awarding more than $75,000 in general damages for a torn rotator cuff and surgery. *Id.* at 5. Defendants further contend Coleman seeks loss of income and earning capacity, and special damages approaching $15,000, exclusive of his surgical, MRI, and injection expenses. Coleman does not contest Defendants' assertions regarding the timeliness of removal upon receipt of "other paper," or that the amount in controversy exceeds $75,000. ECF No. 8. Thus, the Court need not address the timeliness of removal or the jurisdictional threshold.

[3] A review of the record shows the sheriff's service attempts on Jones on March 23, 24, and 25, 2020 were unsuccessful. ECF No. 10-1 at 14. On June 22, 2020, Coleman filed in the

6

§ 1447(c), asserting that since Jones has now been served and the parties were non-diverse on the face of the Petition, the Court lacks subject matter jurisdiction. *Id.*

Citing *Texas Brine Co. v. American Arbitration Ass'n*, 955 F.3d 482 (5th Cir. 2020), Defendants contend that where the forum defendant has not been served "and diversity otherwise exists," the forum defendant rule does not rob the Court of subject matter jurisdiction. ECF No. 11 at 1. Under the forum defendant rule, a suit that is "otherwise removable solely on the basis of [diversity of citizenship] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). However, this general rule does not apply if the action is removed by a non-forum defendant prior to the forum defendant(s) being "properly joined and served" – known as "snap removal." *See Texas Brine*, 955 F.3d at 482. This case does not appear to be a "snap removal" as service had already been attempted on Jones and three months passed between the filing of the Complaint and removal. Regardless, Defendants reliance on *Texas Brine* is misplaced.

A non-forum defendant that has been served can remove a case before the forum defendant is "properly joined and served." *Texas Brine*, 955 at 482. Section 1441(b)(2) is inapplicable until a home-state defendant has been served in accordance with state law. *Id.* at 486. There is no "'doubt about the propriety of removal'" . . .

---

Ninth Judicial District Court a Motion and Order to Appoint Process Server to make service on Jones. *Id.* at 36. On June 23. 2020, the Ninth Judicial District Court ordered a process server to be appointed and make service on Jones. *Id.* at 37. It is undisputed that the private process server served Jones – a Louisiana citizen –on July 2, 2020, after Defendants filed their Notice of Removal on June 24, 2020. ECF Nos. 8-1 at 2, 11 at 2, 11-2 at 1.

because 'the text is unambiguous.'" *Id.* at 487 (citation omitted) (accepting that the statute's plain language allows snap removal); *see also* 14B Wright & Miller, Federal Practice and Procedure § 3723 (4th ed.) (noting that the language of § 1441(b)(2) "implies that a diverse but resident defendant who has not been served may be ignored in determining removability").

However, the forum defendant rule is a procedural issue rather than a jurisdictional one. *Texas Brine*, 955 F.3d at 485 (citing *In re Exxon Chemical Fire*, 558 F.3d 378, 392 (5th Cir. 2009)). And § 1441(b)(2) provides for removal jurisdiction of a civil action "otherwise removable solely on the basis of [diversity jurisdiction]." 28 U.S.C. § 1441(b)(2).

In *Texas Brine* – unlike here, there was complete diversity among the parties prior to removal. Texas Brine was a Texas corporate citizen that sued two disqualified arbitrators – both Louisiana citizens – and American Arbitration Association ("AAA") – a citizen of New York. Texas Brine challenged removal based on the forum defendant rule because there were two Louisiana defendants. *Texas Brine*, 955 F.3d at 485. The United States Court of Appeal for the Fifth Circuit recognized that when AAA filed its notice of removal, the case was "otherwise removable" as required by § 1441(b) because each defendant was diverse from the plaintiff. *Id.* The Fifth Circuit recognized that the district court had subject matter jurisdiction and that there was no jurisdictional defect under § 1332(a). *Id.* That is not the case here.

"Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005). Defendants bear the burden of establishing that subject matter jurisdiction exists. *Mumfrey*, 719 F.3d 392 at 397. Federal courts lack diversity jurisdiction over a removed case in which one of the defendants is a citizen of the forum state. 28 U.S.C. § 1332.

It is manifest, however, that the fact that a defendant was not served does not mean that its citizenship may be ignored. *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883 (5th Cir. 1998). Rather, "[a] non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant." *Id.*; *see also Lopez v. EAN Holdings, LLC*, CV 20-189-JWD-EWD, 2020 WL 1951644, at *3, n.27 (M.D. La. Apr. 22, 2020) ("[T]he law is clear that the citizenship of all named defendants, *whether served with process or not*, must be considered in determining whether complete diversity exists, thereby providing a jurisdictional basis for removal under 28 U.S.C. § 1441(a).") (citing *Ott v. Consolidated Freightways Corp.* of Delaware, 213 F.Supp.2d 662, 664 and n.1 (S.D. Miss. April 16, 2002) (emphasis in original)).

Here, it is undisputed that Coleman was a non-diverse Defendant, both at the time of filing and at the time of removal. Absent complete diversity among the parties, this Court lacks subject matter jurisdiction. *See* 28 U.S.C. § 1332(a)(2).

### III. Conclusion

Because complete diversity among the parties is lacking;

IT IS RECOMMENDED that Coleman's Motion to Remand (ECF No. 8) be GRANTED for lack of diversity jurisdiction, and this case be REMANDED to the Ninth Judicial District Court, Rapides Parish, Louisiana.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed. R. Civ. P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

SIGNED on Friday, March 5, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE